UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MAURIE MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civil Case No.: |
| | ) |
| CARVANA, LLC, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes Now Plaintiff, MAURIE MOORE ("Plaintiff" or "Moore"), and files her Complaint and Demand for Jury Trial against Defendant, CARVANA LLC ("Defendant" or "Carvana"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Texas Labor Code § 21.001 *et seq.* ("TLC") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, sexual harassment, and retaliation against Plaintiff because of her engagement in protected activity leading to her constructive discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3.  This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the TLC pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## THE PARTIES

5.  Plaintiff, Moore is a citizen of the United States, and is and was at all times material, a resident of the State of Texas, residing in Tarrant County, Texas.

6.  Defendant, Carvana is a Foreign Limited Liability Company with its principal place of business in Phoenix, Arizona.

7.  Plaintiff worked for Defendant at its 1123 Cantrell Sansom Road, Blue Mound, Texas 76131 location.

8.  Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.  Plaintiff has complied with all statutory prerequisites to filing this action.

10. On August 28, 2019, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, sexual harassment, and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12. On January 27, 2021, the EEOC issued its Notice of Determination stating there is reason to believe that a violation of Title VII has occurred.

13. On December 21, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, Conciliation Failure.

14. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue, Conciliation Failure.

**FACTUAL ALLEGATIONS**

15. Plaintiff is a female.

16. Defendant created and maintained a discriminatory hostile and discriminatory work environment wherein Plaintiff was targeted because of her sex and subjected to sexual harassment.

17. Plaintiff worked for Defendant in a full-time capacity as a Detailer wherein she worked inside in a covered car-wash area of Defendant's building.

18. On July 16, 2019, Plaintiff began her menstrual cycle while at work and soiled her undergarments and pants as a result.

19. Plaintiff notified her male Supervisor, Marvin (last name unknown), that she soiled her undergarments and pants and requested to leave work to change. Plaintiff further notified Marvin she would return to work after she changed.

20. Marvin denied Plaintiff's request.

21. Marvin then demanded Plaintiff undergo a physical examination to prove that she was menstruating before he would permit her to leave work. Marvin informed Plaintiff that multiple female employees used their menstrual cycle as an excuse to leave work, therefore Defendant's policy provided that a physical examination was required.

22. Defendant's policy is discriminatory on its face.

23. Plaintiff immediately protested the directive and told Marvin she was uncomfortable undergoing a physical examination.

24. Marvin threatened that if Plaintiff left without undergoing a physical exam first, he would issue Plaintiff an attendance point. Marvin reiterated to Plaintiff that an accumulation of 5.5 points is grounds for termination.

25. Due to Marvin's threats of an attendance point and of termination, Plaintiff was left with no option other than to submit to the discriminatory and extremely invasive physical examination.

26. Marvin directed a female Line Lead, Darlene Music, to physically examine Plaintiff in Defendant's bathroom to confirm if Plaintiff was in fact menstruating. Marvin again stated that Defendant's policy required the physical examination as female employees used their menstrual cycle as an excuse to leave work.

27. The realization of a physical examination began to set in, and Plaintiff requested once more permission to go home temporarily to change her clothes in lieu of the physical examination.

28. Marvin again declined Plaintiff's request and escorted Plaintiff to Ms. Music's station.

29. While Marvin stood outside the door, Ms. Music and Plaintiff entered the bathroom. Plaintiff stood confused and unsure how to proceed. Ms. Music directed Plaintiff to pull down her pants in order to prove Plaintiff was on her menstrual cycle and soiled her undergarments and pants.

30. Plaintiff complied with Ms. Music's directive and removed her pants which exposed her soiled undergarments and pants.

31. Only after confirmation from Ms. Music did Marvin permit Plaintiff to leave work to change her soiled undergarments and pants.

32. Plaintiff reported the sexual harassment to Mike (last name unknown), Regional Manager, and provided Human Resources with a written complaint.

33. Shortly after, Plaintiff was made aware that Ms. Music was in a relationship with a woman, which compounded the overwhelming embarrassment and negative emotional toll the harassment and unnecessary exposure had on Plaintiff.

34. Following Plaintiff's protected activity, Defendant took retaliatory action and transferred her to a new position in inventory wherein she was forced to work outside in the Texas heat.

35. Plaintiff filed her EEOC Charge of Discrimination on August 29, 2019.

36. Tyler (last name unknown), Manager and Mike (last name unknown) General Manager further retaliated against Plaintiff because of her engagement in protected activity by continuing to isolate Plaintiff.

37. Prior to her protected activity both Tyler and Mike carried out a normal working relationship with Plaintiff which included communicating with her throughout the workday.

38. The hostile and discriminatory work environment led to Plaintiff's constructive discharge.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Sex Based Discrimination in Violation of Title VII

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

42. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's sex, female.

43. Defendant engaged in intentional sex discrimination in the terms and conditions of Plaintiff's employment.

44. Defendant's conduct violates Title VII.

45. The Plaintiff has satisfied all statutory prerequisites for filing this action.

46. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

48. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count II: Sexual Harassment in Violation of Title VII

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

50. Defendant subjected Plaintiff to severe and pervasive sexual harassment.

51. Despite Plaintiff's reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

52. Defendant's conduct created and perpetuated a hostile work environment for Plaintiff.

53. Defendant's conduct violates Title VII.

54. The Plaintiff has satisfied all statutory prerequisites for filing this action.

55. Defendant's violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count III: Retaliation in Violation of Title VII

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

59. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

60. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity, specifically Plaintiff's repeated reports regarding the discrimination and hostile work environment Plaintiff was experiencing.

61. Defendant's conduct violated Title VII.

62. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

63. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

64. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count IV: Sex Based Discrimination in Violation of the TLC

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

66. Defendant is prohibited under the TLC from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

67. Defendant violated the TLC by discriminating against Plaintiff based on her sex.

68. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

69. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TLC, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

70. Defendant's unlawful conduct in violation of the TLC was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count V: Sexual Harassment in Violation of the TLC

71. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

72. Defendant subjected Plaintiff to severe and pervasive sexual harassment.

73. Despite Plaintiff's reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

74. Defendant's conduct created and perpetuated a hostile work environment for Plaintiff.

75. Defendant's conduct violates the TLC.

76. The Plaintiff has satisfied all statutory prerequisites for filing this action.

77. Defendant's violation of the TLC has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

78. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

79. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count VI: Retaliation in Violation of the TLC

80. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

81. Plaintiff engaged in protected activity under the TLC.

82. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

83. Defendant's conduct violated the TLC.

84. Defendant's discriminatory conduct, in violation of the TLC, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

85. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

86. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Eric D. Rogers*
Eric D. Rogers
Texas Bar No. 24110628
Spielberger Law Group
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*