## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MAURIE MOORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. NO. 4:22-CV-00201-Y** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **CARVANA, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Carvana, LLC ("Defendant"), by and through its attorneys, files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Maurie Moore ("Plaintiff"). Defendant denies each allegation in the Complaint not specifically admitted herein (including averments in numbered paragraphs and unnumbered "headers" in the Complaint) and further responds to the Complaint below:

### INTRODUCTION AND NATURE OF ACTION[1]

1.      The allegations in Paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Texas Labor Code § 21.001 *et seq*. ("TLC"). Defendant denies liability under the Title VII and TLC. Defendant denies all remaining allegations contained in Paragraph 1.

---

[1] Defendant includes the headings from Plaintiff's Complaint for organizational purposes only and specifically does not concede any matter that may be alleged therein.

## JURISDICTION AND VENUE

2.     Defendant admits that this Court has jurisdiction, but denies the remaining allegation contained in Paragraph 2 of the Complaint.  Defendant admits that this Court has jurisdiction as alleged in Paragraph 3 of the Complaint.Defendant admits that venue is proper in the Northern District of Texas as alleged in Paragraph 4 of the Complaint.**THE PARTIES**

5.     Defendant admits, upon information and belief, the allegations in Paragraph 5 of the Complaint.

6.     Defendant admits that it is a limited liability company with its headquarters in Arizona.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.     Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## PROCEDURAL REQUIREMENTS

9.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff dual-filed a Charge of Discrimination with the EEOC and TWC on August 28, 2019.  Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Plaintiff worked as an Inventory Associate 1 Detail for Defendant.   Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that Marvin Gray stated that in prior instances other employees had lied about needing to leave work because of menstruation.  Defendant admits that Mr. Gray asked that Plaintiff go with a female employee to the bathroom to verify that she was in fact menstruating.  Defendant denies that physical examination was part of any company policy. Defendant further denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that Plaintiff made known her discomfort with discussing the matter with anyone else.  Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that Mr. Gray informed Plaintiff that an attendance point could possibly be issued.  Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that Mr. Gray asked Darlene Music to accompany Plaintiff into the bathroom as Ms. Music had feminine products with her that Plaintiff could have used. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that Ms. Music was asked, and did, accompany Plaintiff into the bathroom as Ms. Music had feminine products with her that Plaintiff could have used.  Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits that Ms. Music informed Mr. Gray that he needed to permit Plaintiff to go home.  Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff made a complaint to Reconditioning Manager, Mike Henry, and made a complaint through the company hotline.  Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that Plaintiff was transferred to a different position while Defendant performed an investigation so that Plaintiff no longer would have to report to Mr. Gray. Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendant admits that Plaintiff dual-filed a Charge of Discrimination with the EEOC and TWC on August 28, 2019.  Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits that the individuals identified communicated without issue with Plaintiff during her employment.   Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant admits that Plaintiff retained counsel to represent her in the instant lawsuit.  Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint.

## Count I: Sex Based Discrimination in Violation of Title VII

41.     Defendant incorporates its responses to Paragraphs 1-40 of the Complaint.

42.     Defendant admits that Plaintiff is a female.   Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## Count II: Sexual Harassment in Violation of Title VII

49.     Defendant incorporates its responses to Paragraphs 1-40 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

### Count III: Retaliation in Violation of Title VII

58.     Defendant incorporates its responses to Paragraphs 1-40 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

### Count IV: Sex Based Discrimination in Violation of the TLC

65.     Defendant incorporates its responses to Paragraphs 1-40 of the Complaint.

66.     Defendant admits that the Texas Labor Code prohibits discrimination against an individual because of the individual's sex.  Defendant denies the remaining allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

### Count V: Sexual Harassment in Violation of the TLC

71.    Defendant incorporates its responses to Paragraphs 1-40 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

### Count VI: Retaliation in Violation of the TLC

80.    Defendant incorporates its responses to Paragraphs 1-40 of the Complaint.

81.    Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.    Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.    Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in subparts (a) through (c) of the "Prayer for Relief" section of the Complaint.

### JURY DEMAND

Defendant admits that Plaintiff purports to request a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which apply to the claims of Plaintiff.  By asserting these affirmative defenses, Defendant does not concede that it has the burden of proof as to any such defense.  To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative.  Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1.      Defendant pleads that the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's sex or any other alleged protected status held by Plaintiff.  Specifically, the employment actions complained of by Plaintiff were based upon legitimate, non-retaliatory, and non-discriminatory reasons.

2.      Defendant alternatively pleads, without waiver of Plaintiff's burden to prove that the adverse employment actions were motivated by an impermissible factor, assuming *arguendo* that an impermissible factor was a motivating factor for any employment practice, that Defendant would have taken the same action regardless of any protected status of Plaintiff.

3.      Defendant alternatively pleads, Plaintiff's claim for exemplary damages is barred because Defendant had anti-discrimination and anti-retaliation policies and procedures in place and Defendant made good-faith efforts to educate its employees on these policies.  Defendant has at all times exercised reasonable care to prevent and correct promptly any alleged retaliatory or discriminatory terms and conditions of employment and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided by Defendant or to otherwise avoid the harm about which they now complain.

4.      Defendant alternatively pleads that Plaintiff failed to mitigate her alleged damages,

in whole or in part, and Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

5.      Defendant alternatively pleads that Plaintiff failed to allege facts sufficient to state a claim for punitive damages.

6.      Defendant alternatively pleads, Plaintiff's claims for economic, compensatory, and punitive damages and other relief are subject to all applicable statutory caps and limitations.

7.      Defendant alternatively pleads that Plaintiff cannot recover punitive damages for any alleged retaliation because any such alleged retaliation would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.   At all times, Defendant and its employees and agents acted without malice or reckless indifference to Plaintiff's rights.

8.      Defendant alternatively pleads that Plaintiff's claims are barred, or their recovery should be offset, by the after-acquired evidence doctrine, if applicable.

9.      To the extent that any of the individuals alleged to have discriminated or retaliated against Plaintiff engaged in any of the conduct described in Plaintiff's Complaint, Defendant alternatively pleads that such actions were outside the scope of their employment, were contrary to policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

10.     The damages in this case are limited by any applicable statutory cap.

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any other available counterclaims against Plaintiff as those claims become known during this litigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing

of this matter, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recovers its reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated:  May 26, 2022

Respectfully submitted,

*/s/ Kimberly R. Miers*

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
100 Congress Avenue, Suite 1400
Austin, Texas  78701
512.924.7087 (Telephone)
512.532.6501 (Facsimile)

Ross G. Reyes
Texas State Bar No. 24105707
rreyes@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CARVANA, LLC**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 26, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing upon the counsel below:

   Eric D. Rogers
   SPIELBERGER LAW GROUP
   4890 W. Kennedy Blvd., Suite 950
   Tampa, Florida 33609
   Eric.rogers@spielbergerlawgroup.com

   ***Attorney for Plaintiff***

          */s/ Kimberly R. Miers*
          Kimberly R. Miers