IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MAURIE MOORE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO. 4:22-CV-201-Y |
| | § | |
| **CARVANA, LLC,** | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

### JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26 and this Court's June 10, 2022 Order (Dkt. 12), Plaintiff Maurie Moore ("Plaintiff") and Defendant Carvana, LLC ("Defendant") having conducted their Rule 26(f) conference by telephone on June 28, 2022, jointly file this status report and proposed scheduling order:

**1. A brief statement of the nature of the case, including the contentions of the parties;**

Defendant created and maintained a discriminatory hostile and discriminatory work environment wherein Plaintiff was targeted because of her sex and subjected to sexual harassment. Plaintiff worked for Defendant in a full-time capacity as a Detailer wherein she worked inside in a covered car-wash area of Defendant's building. On July 16, 2019, Plaintiff began her menstrual cycle while at work and soiled her undergarments and pants as a result. Plaintiff notified her male Supervisor, Marvin (last name unknown), that she soiled her undergarments and pants and requested to leave work to change. Plaintiff further notified Marvin she would return to work after she changed. Marvin denied Plaintiff's request. Marvin then demanded Plaintiff undergo a physical examination to prove that she was menstruating before he would permit her to leave work. Marvin informed Plaintiff that multiple female employees used their menstrual cycle as an excuse to leave work, therefore Defendant's policy provided that a physical examination was required. Plaintiff immediately protested the directive and told Marvin she was uncomfortable undergoing a physical examination. Marvin threatened that if Plaintiff left without undergoing a physical exam first, he would issue Plaintiff an attendance point. Marvin reiterated to Plaintiff that an accumulation of 5.5 points is grounds for termination. Due to Marvin's threats of an attendance point and of termination, Plaintiff was left with no option other than to submit to the discriminatory and extremely invasive physical examination. Marvin directed a female Line Lead, Darlene Music, to physically examine Plaintiff in Defendant's bathroom to confirm if Plaintiff was in fact

menstruating. Marvin again stated that Defendant's policy required the physical examination as female employees used their menstrual cycle as an excuse to leave work. The realization of a physical examination began to set in, and Plaintiff requested once more permission to go home temporarily to change her clothes in lieu of the physical examination. Marvin again declined Plaintiff's request and escorted Plaintiff to Ms. Music's station. While Marvin stood outside the door, Ms. Music and Plaintiff entered the bathroom. Plaintiff stood confused and unsure how to proceed. Ms. Music directed Plaintiff to pull down her pants in order to prove Plaintiff was on her menstrual cycle and soiled her undergarments and pants. Plaintiff complied with Ms. Music's directive and removed her pants which exposed her soiled undergarments and pants. Only after confirmation from Ms. Music did Marvin permit Plaintiff to leave work to change her soiled undergarments and pants. Plaintiff reported the sexual harassment to Mike (last name unknown), Regional Manager, and provided Human Resources with a written complaint. Shortly after, Plaintiff was made aware that Ms. Music was in a relationship with a woman, which compounded the overwhelming embarrassment and negative emotional toll the harassment and unnecessary exposure had on Plaintiff. Following Plaintiff's protected activity, Defendant took retaliatory action and transferred her to a new position in inventory wherein she was forced to work outside in the Texas heat. Plaintiff filed her EEOC Charge of Discrimination on August 29, 2019. Tyler (last name unknown), Manager and Mike (last name unknown) General Manager further retaliated against Plaintiff because of her engagement in protected activity by continuing to isolate Plaintiff. Prior to her protected activity both Tyler and Mike carried out a normal working relationship with Plaintiff which included communicating with her throughout the workday.

    a. **DEFENDANT**

As outlined in its Original Answer and Defenses to Plaintiff's Complaint (Dkt. 10), Defendant denies each of the material allegations made by Plaintiff in this matter and asserts affirmative and other defenses to the same. Specifically, Defendant denies engaging in any unlawful discrimination, harassment and/or retaliation. Rather, any action related to Plaintiff's employment was based solely on legitimate, non-discriminatory business reasons. Defendant further contends that, among other things, Plaintiff's claims for punitive damages are unconstitutional or unavailable; that her claim is subject to all applicable statutory caps and limitations; that Defendant did not engage in malicious or reckless conduct; and that Defendant had anti-discrimination and anti-retaliation policies and procedures in place; and that has at all times exercised reasonable care to prevent and correct promptly any alleged retaliatory or discriminatory terms and conditions of employment and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided by Defendant.

2. **Any challenge to jurisdiction or venue;**

The parties do not challenge this Court's jurisdiction or venue.

3. **A brief description of any matters that require a conference with the Court;**

The parties do not feel that a conference with the Court is necessary at this time.

4. **An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;**

The parties do not anticipate joinder of additional parties to this case.

5. **When the disclosures required by Rule 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Rule 26(a)(1)(B);**

The parties agree to exchange initial disclosures on or before July 19, 2022.

6.
    a. **A very brief statement of the subjects on which discovery may be needed;**

**PLAINTIFF**

Plaintiff intends to conduct discovery related to the allegations raised in Plaintiff's Complaint and any affirmative or other defenses raised in Defendant's Answer. Plaintiff also intends to conduct discovery with respect to any expert opinions upon which Defendant may rely.

Plaintiff intends to serve written discovery, including Interrogatories, Requests for Production and/or Requests for Admission. Plaintiff also intends to depose relevant witnesses, any expert witnesses designated by Defendant, and potentially any additional fact witnesses identified by Defendant.

**DEFENDANT**

Defendant intends to conduct discovery related to the allegations raised in Plaintiff's Complaint, Plaintiff's alleged damages, Plaintiff's mitigation of alleged damages and any other affirmative or other defenses raised in Defendant's Answer. Defendant also intends to conduct discovery with respect to any expert opinions upon which Plaintiff may rely.

Defendant intends to serve written discovery, including Interrogatories, Requests for Production and/or Requests for Admission. Defendant also intends to depose Plaintiff, any expert witnesses designated by Plaintiff, and any additional fact witnesses identified by Plaintiff.

   b. **When discovery should be completed; and**

The parties request a seven month discovery period ending on February 3, 2023.

   c. **Whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties request that discovery not be conducted in phases or limited to any particular issues.

7. **What changes, if any, should be made in the limitations on discovery imposed under the federal or local rules, and what other limitations, if any, should be imposed;**

None.

8. **A statement regarding whether any other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c);**

The parties do not anticipate that any additional orders need to be entered by the Court at this time.

9. **Whether a jury has been demanded;**

Plaintiff has requested a jury trial. (Dkt. 1)

10. **Whether the parties will consent to the referral of this case to a United States magistrate judge, who will preside over all pretrial proceedings and trial (whether jury or nonjury).**

The parties do not consent to referral of this case to a U.S. magistrate judge.

11.
    a. **An assessment of the prospects for settlement,**

The parties have discussed settlement and agree to explore settlement and to negotiate in good faith.

   b. **The status of any settlement negotiations already conduct, (except that in a nonjury case the parties shall not disclose settlement figures), and**

The parties engaged in initial pre-suit settlement discussions. Plaintiff demanded $295,000 and Defendant countered with $5,000. Plaintiff did not provide any responding counteroffer. The parties have not reinitiated settlement discussions, however the parties will actively explore settlement options as the case progresses.

   c. **The parties agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear in person to discuss settlement of this case.**

The parties have agreed to schedule their formal in-person settlement conference for 9:00 a.m. (CDT) on Thursday, February 9, 2023 at a location agreed upon by the parties.

12. **An assessment of whether the dispute would be amenable to mediation and if not, why not;**

The parties may agree to non-binding mediation near or after the conclusion of discovery. The parties expect to agree on a mediator.

### 13. A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988);

The parties confirm that counsel on record have read the *Dondi* decision.

### 14. Any other matters relevant to the status and disposition of this case.

The parties anticipate that they will produce some confidential documents or items that should be subject to the terms of an agreed protective order entered by the Court. Defendant will prepare a protective order for Plaintiff's review and for filing with the Court at such time as one becomes necessary.

The Parties agree to email service pursuant to Fed. R. Civ. P. 5(b)(2)(E).

The following persons should be served for Plaintiff: Eric Rogers (Eric.Rogers@spielbergerlawgroup), Lisa Scheibly (Lisa.Scheibly@spielbergerlawgroup.com) , Robyn Riddell (robyn.riddell@spielbergerlawgroup.com)

The following persons should be served for Defendant: Kimberly R. Miers (kmiers@littler.com), Emily R. Linn (elinn@littler.com), Sandra Mendoza (smendoza@littler.com) and Don Ridenour (dridenour@littler.com).

Respectfully submitted:

By: /s/ Lisa Scheibly

Eric D. Rogers
Lisa Scheibly
**SPIELBERGER LAW GROUP**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
Eric.rogers@spielbergerlawgroup.com
Lisa.Scheibly@spielbergerlawgroup.com

**ATTORNEYS FOR PLAINTIFF MAURIE MOORE**

By: /s/ Emily Linn
Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
**LITTLER MENDELSON**
**A Professional Corporation**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

Emily Linn
Texas State Bar No. 24109478
**LITTLER MENDELSON**
**A Professional Corporation**
100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.924.7087 (Telephone)
512.532.6501 (Facsimile)

**ATTORNEYS FOR DEFENDANT CARVANA, LLC**