UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MAURIE MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No.: 4:22-cv-00201-Y |
| CARVANA | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSED MOTION TO COMPEL**
**AND INCORPORATED MEMORANDUM OF LAW**

Now comes the Plaintiff, Maurie Moore (hereinafter "Plaintiff" or "Moore"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 33, 34, 37, and Local Rules 5.2 and 7.1 and files her Motion to Compel discovery responses from Defendant, Carvana, Inc. (hereinafter "Defendant" or "Carvana"). Specifically, Defendant has failed to provide responses to Plaintiff's discovery requests served on November 2, 2022. Despite conferral with Defendant as detailed below, Defendant has failed to provide its response to Interrogatory No. 3 under improper objection of "*overly broad, unduly burdensome and not likely to lead to the discovery of relevant information.*[1]" Plaintiff is entitled to the information requested in Interrogatory No. 3 as the requested information is proportional to the needs of the case. Thus, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel

---

[1] On December 1, 2015, with Congress's consent the Supreme Court amended the Federal Rules of Civil Procedure (FRCP). The amendments included FRCP 26 wherein the legal standard was changed from to now information is discoverable if it is relevant to any party's claim or defense and proportional to the needs of the case, with several proportionality factors now stated in the rule. Fed. R. Civ. P. 26.; See also *State Automobile Mutual Insurance Co. v. Freehold Management*, 2018 U.S. Dist. LEXIS 123283 at *5 (N.D. Tex. July 24, 2018) (The 2015 amendments to Rule 26 deleted from the definition of relevance information that appears reasonably calculated to lead to the discovery of admissible evidence because [t]he phrase has been used by some, incorrectly, to define the scope of discovery and has continued to create problems given its ability to swallow any other limitation on the scope of discovery.)(quotations omitted).

1

Defendant to provide responses to Interrogatory No. 3 and in support thereof she states the following:

I. **Procedural History and Background.**

In her Complaint Plaintiff alleges claims of sex-based discrimination, sexual harassment, and retaliation. [Doc. 1]. At issue in the instant Motion is Defendant's refusal to provide its response, or a proper objection(s), to Interrogatory No. 3 which requests the following:

> *"INTERROGATORY NO. 3: Identify by providing full name, job title(s), age at the time of termination, and dates of employment for all female employees in Defendant's employ from 2019- present who worked at Defendant's 1123 Cantrell Sansom Road, Blue Mound, Texas 76131 location and held the same positions as Plaintiff during their employment."*

Plaintiff's Interrogatory No. 3 requests information that is proportional to the needs of her case, namely identifying other employees who worked at Plaintiff's job site, each employee's position, age, and dates of employment for a limited time frame.

On November 2, 2022 Plaintiff served Interrogatories and Request for Production on Defendant. On December 1, 2022, Defendant's Counsel requested a one-week extension, thereby making Defendant's responses due on or before December 9, 2022, and Plaintiff's Counsel granted the extension. (*See* Plaintiff's Appendix in Support "App." Pg. 1). On December 9, 2022, Defendant produced responses to Plaintiff's Interrogatories and Request for Production. In its responses Defendant raised claims of privilege as to Interrogatory No. 1 yet failed to provide a privilege log and improperly objected to Interrogatories 3, 6, and 21.

2

On December 12, 2022 Plaintiff conferred with Defendant via phone regarding the discovery disputes and proposed solutions were explored, Plaintiff commemorated the December 12, 2022 conversation via email on December 13, 2022. (*See* App. Pgs. 2-3). Defendant replied December 19, 2022 and further refused to provide the requested information in Interrogatory 3. (*See* App. Pg. 4). While the parties were able to confer and successfully resolve the discovery disputes as to Interrogatories 1, 6, and 21; a dispute remains as to Interrogatory No. 3. Without Defendant's discovery response as to Interrogatory No. 3 Plaintiff will undoubtedly be prejudiced as the information requested is proportional to the needs of her case and will leave her unable to evaluate proper deponents, unable to properly prepare for depositions, and will be unable to obtain answers to dispositive questions regarding the relevant topics.

**II.**     **Argument and Authorities.**

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *McGowan v. Southern Methodist University*, 2020 U.S. Dist. LEXIS 79456 at *2, 3 (N.D. Tex. May 6, 2020). The Federal Rules of Civil Procedure further provide for a proportionality standard for discovery. Fed. R. Civ. P. 26(b)(1); *Dennis v. United States*, 2017 U.S. Dist. LEXIS 174856 (N.D. Tex. Oct. 23, 2017)*; OrthoAccel Technologies, Inc. v. Propel Orthodontics, LLC*, 2017 U.S. Dist. LEXIS 51401 at *5 (E.D. Tex. Apr. 4, 2017).

Also relevant to this Motion is Federal Rule of Civil Procedure 37 which provides in pertinent part:

> (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.
>
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or

3

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

…

(3) *Specific Motions.*

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
…

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. *See also Deutsche Bank National Trust Co. v. Pink*, 2019 U.S. Dist. LEXIS 15732 at *4 (N.D. Tex. Jan. 31, 2019).

Federal Rule of Civil Procedure 37 permits a party to seek an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B); *Southern Methodist* at *2. The Fifth Circuit provides that once a party, in the instant matter the Plaintiff, meets its burden to show the information sought is relevant or will lead to the discovery of admissible evidence the burden then shifts back to the opposing party to show why the requested information is irrelevant or show that it fails the proportionality requirement. *Southern Methodist* at *2. Courts construe relevance broadly. Meaning, the evidence and information sought does not need to by itself prove or disprove a claim, further the evidence or information sought does not even need to have a strong probative force to be relevant. *Id.* at 3. Finally, when ruling on discovery matters under Fed. R. Civ. P. 37 the court should look to balance the need for Plaintiff's request against the harm, prejudice, and burden to Defendant. *Id.*

4

Here, the information sought in Interrogatory No. 3 is relevant and Plaintiff has met her burden of showing why the information sought is so. By contrast, Defendant has not and cannot met its burden. When analyzing the balance between Plaintiff's need for the information in response to Interrogatory No. 3 and the possible harm, prejudice, or burden to defendant, it is clear that the scale tips dramatically and unequivocally in Plaintiff's favor.

    A. <u>Defendant has Failed to Answer Interrogatory 3 and Has Otherwise Failed to Show How Plaintiff's Request is Not Relevant or Otherwise Objectionable</u>

In *Propel Orthodontics* the plaintiff requested financial records to assist in its damage calculation and to defend against damage claims. The defendant objected on the basis that the requested information "contain sales information for other products in Propel's [defendant] line that are not the subject of this litigation." The court was not convinced and found that the plaintiff should not be deprived of information simply because the defendant sells multiple products which are all listed in its financials. *Propel Orthodontics,* at *7. Additionally, the court in *Propel Orthodontics* did not find plaintiff's request unduly burdensome or duplicative. *Id*. at 8, 9.

Additionally, in *Southern Methodist* the court found that defendant's request for access to plaintiff's multiple social media accounts was proper. *Southern Methodist* at 4,5. The court however clarified that defendant's access was not "unlimited" as unlimited access is too broad. *Id*. at 5; *See also State Automobile Mutual Insurance Co. v. Freehold Management*, 2018 U.S. Dist. LEXIS 123283 at *34 - 40 (N.D. Tex. July 24, 2018) (holding that a request to "Identify every person who participated to any degree in reviewing the decision to deny or pay Defendant/Counter-Plaintiff's claim in whole or in part before you received Defendant/Counter-Plaintiff's demand letter in this case or their lawsuit. In addition, the involvement of each person identified, state the date each such review was performed and state the result of the review." was proper and the responding party was ordered to provide a complete answer without objection).

Here, in Interrogatory No. 3 Plaintiff requests information about the names, job title(s), age at the time of termination, and dates of employment for all female employees in Defendant's employ from 2019 - present who worked at Defendant's 1123 Cantrell Sansom Road, Blue Mound, Texas 76131 location and held the same positions as Plaintiff during their employment. *See Supra* Sec. I.  In its December 8, 2022 response to Plaintiff's Interrogatories, Defendant stated as follows:

> *"Carvana objects to this request as overly broad and unduly burdensome. The identities of other female employees who worked at the same location as Plaintiff from 2019 to present have no bearing on Plaintiff's claims or Defendant's defenses, inasmuch as the request is not limited to employees who worked under the same supervisors. There are three shifts working at Defendant's Blue Mound Inspection Center ("IC"), with numerous Inventory Associate I positions, including in both the Detail and Inventory departments. Further, the request for age-related information is outside the bounds of reasonable discovery, as Plaintiff is not alleging any age-related claims. This interrogatory therefore seeks information wholly unrelated to the claims and defenses at issue in this lawsuit. FED. R. CIV. P. 26(b)(1). Defendant further objects to this request to the extent it seeks the confidential information of individuals who are not parties to this action, implicating the privacy considerations of uninvolved third parties. Carvana is willing to confer with Plaintiff's counsel on reasonable limits to this interrogatory that will bring it the scope of discovery permitted by the Federal Rules of Civil Procedure."*

Similar to *Propel Orthodontics,* here, Defendant should not be permitted to withhold information requested in Interrogatory No. 3 simply because "a list of all females at Defendant's Blue facility who held Inventory I, Associate Detail or Photobooth positions from Nov. 2017 to Nov. 2019 is overly broad, unduly burdensome and not likely to lead to the discovery of relevant information." (*See* App. Pg. 4). Not only is that an improper and borderline boilerplate objection, it is improper as Plaintiff is entitled to the information as it is relevant and proportional to the needs of her case. Counsel discussed potentially limiting this request to a certain shift at Plaintiff's work location however, narrowing the request as such prejudices Plaintiff as it does not provide a full picture and instead is akin to cherry picking.

Additionally and like *Southern Methodist* here, Plaintiff is not requesting unlimited access to Defendant's records, she is simply requesting Defendant by providing full name, job title(s), age at the time of termination, and dates of employment for all female employees in Defendant's employ from 2019- present who worked at Defendant's 1123 Cantrell Sansom Road, Blue Mound, Texas 76131 location and held the same positions as Plaintiff during their employment. Plaintiff has narrowed her request to a specific time frame and location, and well as defined demographic and job-related inquiries – hardly an unfettered or unlimited request.

As discussed above, Plaintiff has met her burden to show how the requested information is relevant and proportional. To date, Defendant had failed to provide the requested information or otherwise explain via specific objections how Interrogatory No. 3 is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden and how the requested information fails the proportionality calculation– it has not done so. Thus, Defendant should be compelled to answer Interrogatory No. 3.

7

### III.     CONCLUSION

Plaintiff is entitled to a response as to Interrogatory No. 3 as it is relevant and proportional, she will be prejudiced if the response is withheld. Specifically, the information requested in Interrogatory No. 3 is sought to prove Defendant's pattern and practice of discriminatory behavior specifically as it relates to female employees that held a similar role as Plaintiff, to establish the causal elements of Plaintiff's claims, and properly depose and potentially impeach witnesses. There are no other means for Plaintiff to obtain the information requested in Interrogatory No. 3 as that information is solely in Defendant's possession, custody, and control. Despite Plaintiff's repeated attempts to resolve the discovery deficiency as to Interrogatory No. 3 without Court intervention, those attempts have proved unsuccessful.  Based on the foregoing, Plaintiff requests that this Honorable Court grant Plaintiff's Motion to Compel Defendant to provide responses to Interrogatory No. 3.

### Local Rule 7.1(b) Conferral and Certificate of Conference

Pursuant to Local Rule 7.1(b) I hereby certify that counsel for the movant has conferred with Defendant in a good faith effort to resolve the issues raised herein. Plaintiff's conferred with Defendant on December 12, 2022 via phone and via email on December 13, 2022 regarding the proposed edits to the objected Interrogatory No. 3.  (*See* App. Pgs. 2-3).  Defendant replied December 19, 2022 and reasserted its objection to Plaintiff's requested information.  (*See* App. Pg. 4). Counsel conferred on January 17, 2023 as to the relief requested in this instant Motion and Defendant advised the relief requested herein is Opposed.

Date: January 27, 2023

Respectfully submitted,

                                                  */s/ Eric D. Rogers*
                                                  Eric D. Rogers
                                                  Lisa Scheibly
                                                  Eric.rogers@spielbergerlawgroup.com
                                                  Lisa.Scheibly@spielbergerlawgroup.com
                                                  SPIELBERGER LAW GROUP
                                                  4890 W. Kennedy Blvd., Suite 950
                                                  Tampa, Florida 33609

                                                  *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 27th day of January 2023, a true and correct copy of the foregoing has been filed with the Court using the Court's CM/ECF system which provided notice to all parties of record:

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

Emily R. Linn
Texas State Bar No. 24109478
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.924.7087 (Telephone)
512.532.6501 (Facsimile)

*Attorneys for Defendant*